UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LORI DUNCAN | § | |
| | § | |
| v. | § | CIVIL NO. 4:25-CV-718-SDJ |
| | § | |
| RACETRAC, INC., ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

This personal injury case was originally filed in Texas state court and then timely removed to this Court based on an allegation of diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff Lori Duncan has filed her Motion to Remand and Brief in Support, (Dkt. #6), asserting that the Court lacks subject-matter jurisdiction because the amount in controversy does not exceed the jurisdictional threshold of $75,000. The Court agrees with Duncan and the case will be remanded.

### I. BACKGROUND

Duncan sued Defendants RaceTrac, Inc. and Mesquite Creek Development, Inc. (collectively, "RaceTrac"), in Texas state court asserting claims for negligence and premises liability for injuries she claims to have suffered on RaceTrac's premises. (Dkt #3 ¶ 1). RaceTrac filed a timely removal notice alleging diversity jurisdiction. (Dkt. #1). Thereafter, the Court ordered the parties to replead as necessary to comply with the Federal Rules of Civil Procedure and the Court's Local Rules. Duncan filed the instant remand motion and RaceTrac filed an amended answer. Duncan has not filed an amended complaint.

In her remand motion, Duncan confirms that the amount in controversy does not exceed the jurisdictional threshold of $75,000 and, therefore, the Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332(a). (Dkt. #6 at 2). Duncan further contends that this claim is supported by her initial demand letters sent to both Defendants for an amount that does not exceed $75,000, and her medical billing history related to the incident at issue, which affirms actual damages in an amount that does not exceed $75,000. (Dkt. 6 at 3). RaceTrac has filed no response to Duncan's motion to remand.[1] At all times, the parties have agreed that the diversity-of-citizenship requirement of Section 1332(a) is met. The only question raised by Duncan's remand motion is whether the statute's amount-in-controversy requirement is satisfied.

## II. Legal Standard

A civil case brought in state court may be removed to federal court if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal court has diversity jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

The party removing the case to federal court bears the burden of showing that removal was proper and that federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). As a result, "all 'doubts regarding whether removal jurisdiction is proper should be resolved against federal

---

[1] Because no response has been filed opposing Duncan's remand motion, the Court presumes that RaceTrac does not controvert the facts set out in the motion and has no evidence to offer in opposition to the motion. Local Rule CV-7(g).

jurisdiction.'" *Zeitler ex rel. Arvizo v. CNH Am., LLC*, No. 6:18-CV-508, 2019 WL 3806073, at *2 (E.D. Tex. Apr. 2, 2019) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The Supreme Court also has instructed federal courts to construe removal statutes strictly, favoring remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

Generally, under 28 U.S.C. § 1446(c)(2), "'the sum demanded in good faith in the initial pleading' is 'the amount in controversy.'" *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1056 (5th Cir. 2022) (citing 28 U.S.C. § 1446(c)(2)). However, under Texas law, a plaintiff need not allege a specific amount in damages. Rather, a Texas plaintiff's original pleading need only contain a statement that the party seeks one of five ranges of damages, the lowest of which is $250,000 or less. *See* Tex. R. Civ. P. 47(c).

In cases "[w]here the petition alleges only a range of damages and not a specific amount in controversy, removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00." *Edwards v. Drenik*, No. 1:19-CV-322, 2020 WL 13926024, at *3 (E.D. Tex. Apr. 16, 2020). The burden is met by the removing party if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (internal citation omitted). If the removing party carries its burden, "remand is not warranted

3

unless the plaintiff establishes 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Edwards*, 2020 WL 13926024 at *4 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).

### III. DISCUSSION

Remand is warranted because RaceTrac has failed to meet its burden to show that removal was proper and that federal jurisdiction exists. It is not apparent from the face of Duncan's petition that her claims are likely to exceed $75,000. Neither has RaceTrac set forth summary-judgment type evidence of facts in controversy that support a finding of the requisite amount. RaceTrac points only to Duncan's allegation, in her original petition, that she seeks "monetary relief of $250,000 or less." (Dkt. #1 ¶ 7). However, as Duncan points out, Texas law does not require a plaintiff's petition to allege a specific amount in damages. Instead, Texas law only requires that a plaintiff's petition contain a statement that the plaintiff seeks one of five ranges of damages, the lowest of which is $250,000 or less. *See* TEX. R. CIV. P. 47(c). Thus, on its face Duncan's petition does not reveal whether she seeks damages exceeding $75,000.

For her part, Duncan has provided evidence supporting her argument that the amount in controversy is less than $75,000. Specifically, Duncan has demonstrated that she sent initial demand letters to both Defendants for an amount less than $75,000. As the Fifth Circuit has recognized, a district court may consider a pre-suit demand letter in determining the value of a plaintiff's claims at the time of removal. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998).

4

"Indeed, a pre-removal settlement demand letter is valuable evidence to indicate the amount in controversy at the time of removal." *Parent v. Allstate Fire & Cas. Co.*, No. 4:22-cv-02756, 2022 WL 17250176, at *3 (S.D. Tex. Nov. 28, 2022) (quotation omitted). Duncan has also shown that both Defendants were apprised of Duncan's medical billing history related to this incident, which further confirmed that the amount in controversy is less than $75,000. Duncan's uncontroverted assertions and evidence show that Section 1332's amount-in-controversy requirement for diversity jurisdiction was not met at the time of removal. Accordingly, Duncan's remand motion is **GRANTED**.

### IV. CONCLUSION

It is **ORDERED** that this case is **REMANDED** to the 481st Judicial District Court of Denton County, Texas.

**So ORDERED and SIGNED this 12th day of November, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

5